FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y. 6/10/14
★ JUN 09 2014 ★
BROOKLYN OFFICE

Rec'd

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
KENNETH ENG,  :
 :
                        Plaintiff,  : **MEMORANDUM & ORDER**
 :
    -against-  : 14-cv-1502 (ENV) (LB)
 :
KELLY REICHARDT; MATTHEW WOLF;  :
LASZLO SANTHA; DARRELL WILSON;  :
DAVID IRVING; JULES MARTIN; THE  :
ESTATE OF BILL REILLY; ROBERT HONOR;  :
LAMAR SANDERS; PETER BARTON;  :
UNKNOWN NYU PROFESSOR WHOSE FIRST  :
NAME IS STEVE; HOLLINGER, (FIRST NAME  :
UNKNOWN); RAMOS, (FIRST NAME  :
UNKNOWN); and NYU,  :
                       Defendants.  :
------------------------------------------------------------------ x

VITALIANO, D.J.,

      Plaintiff Kenneth Eng, a frequent filer, commenced this action, *pro se*, on March 4, 2014. Eng asserts claims pursuant to 42 U.S.C. § 1981, the First Amendment, and the federal copyright statute. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, nonetheless, the action is dismissed for failure to state a claim upon which relief may be granted, and as time-barred.

### Background

      At issue is a series of incidents that allegedly occurred between 2002 and 2005, while plaintiff was a film student at New York University ("NYU"). (Compl. ¶ 3.) His complaint and the annexed exhibits demonstrate that while at NYU, Eng made inflammatory, racially-motivated comments to other students in his classes, assaulted

at least one other student by spitting on him in an editing studio, and was generally perceived by his professors and fellow students as disruptive and a threat to the NYU community.[1] (*See* Exhibits to complaint generally.) Eng alleges that the various NYU professors, students, and personnel that he names as defendants violated his civil rights, particularly by "censor[ing] [him] from expressing racist views." (Compl. ¶ 3.) He further alleges that one of his professors violated federal copyright law by giving copies of a screenplay he wrote to other NYU officials. (Compl. ¶ 3.)

## Standard of Review

A civil action complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule does not require a plaintiff to provide "detailed factual allegations" in support of his claims in order to survive a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). Indeed, mere conclusory allegations or "naked assertions" will not survive a motion to dismiss without at least some "further factual enhancement" providing substance to the claims alleged. *Twombly*, 550 U.S. at 557.

When a plaintiff proceeds without legal representation, a court must regard that plaintiff's complaint in a more liberal light, affording such pleadings the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

---

[1] On August 1, 2008, Eng was sentenced by a judge of this Court to five years' probation upon a plea of guilty to one count charging a civil rights violation under 18 U.S.C. § 245(b)(4)(A), for making a threatening phone call to the student he assaulted at NYU. (Judgment, No. 08-cr-66, Dkt. No. 38.)

*Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 471 (2d Cir. 2006) (per curiam). Even so, the Court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

Eng's First Amendment claim is based on his allegation that he was reprimanded by various professors and administrators for making statements in class that they viewed as offensive. For lack of anything better, the Court will construe this claim as made pursuant to 42 U.S.C. § 1983. In order to maintain a § 1983 claim, a plaintiff must allege conduct that (1) was committed by a person acting under color of state law, and (2) deprived him of rights, privileges or immunities secured by the Constitution or laws of the United States. *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994).

This claim fails for a number of reasons, the most obvious of which is that neither NYU nor its professors are state actors. It is "fundamental" that the First Amendment prohibits only government infringement on the right of free speech. *Rendell-Baker v. Kohn,* 457 U.S. 830, 837 (1982). It does not reach the acts of a private entity, such as NYU. *See id.* at 840-41 (private school is not a state actor); *see, also Johnson v. City of New York,* 669 F. Supp. 2d 444 (S.D.N.Y. 2009) (dismissing § 1983 claim against NYU because it is a private entity). Because all of the defendants are private actors affiliated with NYU, this claim must be dismissed in its

entirety and with prejudice.

Plaintiff also brings a claim under 42 U.S.C. § 1981, which is designed to prevent racial discrimination and protects the right "to make and enforce contracts, to sue, be parties, give evidence and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981. To plausibly plead this claim, Eng must allege facts supporting the following elements: (1) membership in a racial minority; (2) defendants' intent to discriminate on the basis of race; and (3) discrimination concerning one or more of the activities enumerated in the statute. *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000). The discrimination must have been intentional, and "a 'substantial' or 'motivating factor' for the defendant's actions." *Tolbert v. Queens College*, 242 F.3d 58, 69 (2d Cir. 2001) (internal citations omitted) *see also Anderson v. City of New York*, 817 F. Supp. 2d 77, 95 (E.D.N.Y. 2011) ("[T]he plaintiff must make a fact-specific allegation of a causal link between defendant's conduct and the plaintiff's race.") (quotations omitted).

Eng does allege that he is Asian, thus satisfying the first element, but fails to allege facts supporting the other two. Read broadly and in the light most favorable to plaintiff, the complaint alleges that various NYU officials scolded him and ejected him from at least one class because he espoused "racist" views and used racial epithets in classroom discussions and written assignments, which his professors found disruptive and offensive to other students. At least two professors felt personally threatened, and one requested protection from the administration. (*See*

Exhibits at 2 and 12.)

Even if the slights that Eng alleges he suffered could form the basis of a § 1981 claim, and the Court does not find that they do, he acknowledges repeatedly that he was singled out for this treatment based on his self-described "racist" actions and statements, not because he is a member of a racial minority. The sole allegation Eng makes that even relates to his race is that "other non-Asian students created controversial films, and they were not penalized." (Compl. ¶ 3.) But Eng never alleges that he was "penalized" for making a "controversial film;" rather, he alleges that he was reprimanded on numerous occasions for repeatedly making derogatory statements about other racial minorities. Indeed, the only acts of intentional racial discrimination that Eng alleges are ones he committed against others. As such, Eng wholly fails to state a cause of action under § 1981.

Additionally, Eng's § 1981 claim is time-barred. The statute of limitations for claims brought pursuant to § 1981 is four years. *Early v. Wyeth Pharm., Inc.*, 603 F. Supp. 2d 556, 570 (S.D.N.Y. 2009) (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004)).[2] The events that plaintiff complains of occurred between 2002 and February 2005, and thus the limitations period expired, at the latest, in February 2009, more than five years before this action was commenced. Eng appears to ask the Court to excuse the delay because he was on probation during some of the

---

[2] In certain circumstances, the statute of limitations for a § 1981 claims is three years. *See Jones*, 541 U.S. at 382 (2004). The distinction is obviously irrelevant in this case.

intervening time,³ and because the alleged wrongs "caused severe psychological trauma that has adversely affected [his] physical health" and his "ability to think clearly." (Compl. ¶ 3.) Because of Eng's *pro se* status, the Court will broadly construe this as an attempt to invoke the toll for disability based on insanity under New York CPLR § 208. CPLR § 208 provides, in relevant part: "If a person entitled to commence an action is under a disability because of . . . insanity at the time the cause of action accrues, . . . the time within which the action must be commenced shall be extended to three years after the disability ceases. . . ."

The insanity toll extends to those "who are unable to protect their own legal rights because of an overall inability to function in society. . . . [it] cannot be interpreted as providing a toll of the Statute of Limitations to an individual claiming a mere post traumatic neurosis." *McCarthy v. Volkswagen of America*, 55 N.Y.2d 543, 450 N.Y.S.2d 457, 460, 435 N.E.2d 1072, 1074 (1982); *see also Washington v. Doe*, No. 08-cv-4399, 2011 WL 679919, at *2 (E.D.N.Y. Feb. 16, 2011) ("Difficulty in functioning is not sufficient to establish insanity for purposes of § 208; rather, the plaintiff must be totally unable to function as a result of a severe and incapacitating disability.") (citation omitted). Eng's allegations of impaired "ability to think clearly" do not merit tolling under § 208. Indeed, Eng has competently filed four *pro*

---

³ On June 4, 2008, Eng pleaded guilty to knowingly and willfully injuring, intimidating, and interfering with another person, in order to intimidate that person from participating in and enjoying, without discrimination on account of race and color, the benefits of educational programs and activities at New York University, in violation of 18 U.S.C. § 245(b)(4)(A). On July 28, 2008, he was sentenced to five years' probation. *United States v. Eng*, 08-cr-00066 (E.D.N.Y).

*se* complaints in this Court since August 2013; in addition to this complaint, he has filed one against his former parole officers, one against various members of the New York City Police Department for a 2011 arrest, and one asserting an unrelated copyright claim. These documents themselves demonstrate Eng's ability to function, foreclosing availability of the insanity toll. More pointedly, as noted earlier, the public records of this Court reveal that Eng, in 2008, was determined to be fully competent to enter a plea of guilty to a crime and to serve five years of probation on his own in the community. In addition, Eng does not, nor on this history could he hope to, allege that he "has been prevented in some extraordinary way from exercising his rights" such that equitable tolling might be applicable. *Pearl v. City of Long Beach*, 296 F.3d 76, 85 (2d Cir. 2002) (internal quotation omitted). Accordingly, in addition to failing to state a claim under § 1981, Eng's claim is untimely and is dismissed for that independent reason.[4]

Finally, Eng brings a copyright infringement claim, pursuant to 17 U.S.C § 501, based on the allegation that one defendant—Santha, one of Eng's former professors—gave copies of Eng's screenplay to other school officials. "In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003).

As a preliminary matter, Eng does not allege that he has registered his

---

[4] For the same reasons, even if Eng had stated a § 1983 claim, that claim would be time-barred as well.

screenplay with the Copyright Office, a precondition to an infringement suit under § 501. 17 U.S.C. § 411(a); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010); *Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, 09-CV-2669, 2012 WL 1021535, *5 (S.D.N.Y. Mar. 26, 2012). Even if Eng had registered his screenplay, however, his allegations would be insufficient to state a claim for copyright infringement.

The Copyright Act grants certain exclusive rights to the owner of a copyright, including the right to make and distribute copies of the copyrighted work. *See* 17 U.S.C. § 106 (1994). Notwithstanding, under the *de minimis* doctrine, "where unauthorized copying is sufficiently trivial, 'the law will not impose legal consequences.'" *On Davis v. The Gap, Inc.*, 246 F.3d 152, 172-73 (2d Cir. 2001) (quoting *Ringgold v. Black Entm't Television, Inc.*, 126 F.3d 70, 74 (2d Cir. 1997). Examples include a newspaper cartoon copied and put up on a refrigerator, or waiters at a restaurant singing "Happy Birthday" at a patron's table. While both constitute unauthorized use of a copyrighted work, they are not, as a matter of law, copyright infringement. *See On Davis*, 246 F.3d at 172 ("When we do such things, it is not that we are breaking the law but unlikely to be sued given the high cost of litigation. Because of the *de minimis* doctrine, in trivial instances of copying, we are in fact not breaking the law.").

Accepting his allegations as true, and reading them in the light most favorable to him, Eng says he voluntarily gave Santha, in his role as professor, a copy of his screenplay, and Santha then shared copies of the screenplay with one or more

educational supervisors. Eng does not allege that anything further was done with the screenplay—the intramural distribution to NYU educators of his NYU student work is the focus of his grievance. While it may have been unauthorized, this is a *de minimis* use that does not constitute copyright infringement. *See Knickerbocker Toy Co. v. Azrak–Hamway Int'l, Inc.*, 668 F.2d 699, 703 (2d Cir. 1982) (denying relief under *de minimis* doctrine where defendant had made a copy of plaintiff's work, but copy was never used).

Additionally, like his other claims, Eng's copyright claim is time-barred. The statute of limitations for a copyright infringement claim is three years. *See* 17 U.S.C. § 507(b). Plaintiff alleges that he was aware of the unauthorized use of his screenplay, and demanded its return, in February 2003, making his claim more than eight years late.

It is rare, or course, that initial pleading dismissal will close the courthouse door. Ordinarily, the Court would allow a *pro se* plaintiff an opportunity to amend his complaint. *See Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000). It need not, and should not, afford that opportunity here, however, where it is clear from plaintiff's very submissions that there is absolutely no possibility of pleading a plausible claim against these defendants in an amended complaint. Therefore, any attempt to amend the complaint would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Leave to amend is denied.

## Conclusion

For the foregoing reasons, the complaint in its entirety is dismissed with

prejudice. 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment for defendants and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
June 9, 2014

/S/ Judge Eric N. Vitaliano
**ERIC N. VITALIANO**
**United States District Judge**